UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | | |
|---|---|---|
| **PRESSE MATHEWS, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | Case No. 06-CV-2195 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

On October 4, 2006, Petitioner, Presse Mathews, Jr., filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255.  On October 10, 2006, Petitioner filed a Memorandum in Support of his Motion (#5).  On November 21, 2006, the Government filed its Response to Petitioner's Motion under 28 U.S.C. § 2255 (#6).  On December 19, 2006, Petitioner filed his Reply (#7).  This court has carefully considered Petitioner's claims, the Government's Response, and the record in this case.  Following this careful and thorough review, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.

## FACTS

On May 5, 2004, in Case No. 04-20028, Petitioner was charged by indictment with the offense of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  After this court denied his Motion to Suppress Evidence, Petitioner pleaded guilty to the charge on September 8, 2004.  A sentencing hearing was held on March 3, 2005.  At sentencing, Petitioner's counsel objected to the recommendation included in the presentence investigation report that Petitioner should be sentenced under 18 U.S.C. § 924(e)(1), known as the Armed Career Criminal Act.  Under this statute, a "person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on

occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). The statute defined the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). A felony may also qualify as violent under the statute if it "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Petitioner's counsel first argued that Petitioner's previous felony offenses had to be proved beyond a reasonable doubt to be considered at sentencing. This court rejected this argument, stating that there was no requirement under Blakely or Booker that prior convictions had to be presented to a jury or found by the court beyond a reasonable doubt. Without waiving the argument that the convictions should be proved beyond a reasonable doubt, Petitioner's counsel essentially conceded that Petitioner's convictions of robbery and aggravated battery could be counted as two of the three "violent felon[ies]" for purposes of the statute. However, Petitioner's counsel argued that Petitioner's November 1992 conviction of unlawful possession of a weapon by a felon was not a "violent felony" within the meaning of the statute.

This court, based upon Taylor v. United States, 495 U.S. 575 (1990), determined that it could consider the information filed in the Macon County case which stated, in Count 2, that Petitioner "knowingly possessed on his person a dangerous knife with the intent to use that knife unlawfully against Leatrice Jones." This court then noted that the Macon County case docket entry of November 9, 1992 stated that Petitioner pleaded guilty to the offense charged in Count 2 of the information. This court therefore found that Petitioner's actions involved a "threatened use of physical force against the person of another" and "conduct that presented a serious potential risk of physical injury to another." This court then found, by a preponderance of the evidence, that this conviction constituted a violent

felony under 18 U.S.C. § 924(e)(2)(B). This court accordingly found that Petitioner was an armed career criminal under the statute and sentenced him to the mandatory statutory minimum term of 180 months of imprisonment.

Petitioner filed a Notice of Appeal, and argued on appeal that one of his prior felonies should not have been classified as "violent" based upon the information available to the court at sentencing. The Seventh Circuit rejected this argument and affirmed this court's judgment. United States v. Mathews, 453 F.3d 830, 831 (7th Cir. July 7, 2006).

In doing so, the Seventh Circuit noted that Petitioner had conceded that his robbery and aggravated battery convictions could be counted as two of the three prior offenses necessary for a sentence under the Armed Career Criminal Act, but objected to the use of his Illinois unlawful possession conviction. Mathews, 453 F.3d at 831. The Seventh Circuit carefully considered the case law applicable to a determination whether a particular state conviction meets the statutory definition, including Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005). The court noted that these decisions establish that "a district court generally must use 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" Mathews, 453 F.3d at 833-34, quoting Taylor, 495 U.S. at 600.

The court noted, however, that there are "a significant number of instances in which a defendant is convicted under a state statute that encompasses multiple categories of offense conduct, some of which would constitute 'violent' felonies, and some of which clearly would not fall within the federal statutory definition." Mathews, 453 F.3d at 833. The Seventh Circuit determined that, for state statutes that are "divisible" in that way, "a sentencing court may examine a limited range of additional material in order to determine which portion of the state statute the defendant violated."

Mathews, 453 F.3d at 834, citing Shepard, 544 U.S. at 17, Taylor, 495 U.S. at 599-600.  This "material is limited to 'the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" Mathews, 453 F.3d at 834, quoting Shepard, 544 U.S. at 26.

The Seventh Circuit then engaged in a lengthy analysis of the Illinois statute at issue and concluded that the statute addressed two situations so that "Shepard and Taylor allow the sentencing court to 'peek at the indictment and equivalent documents to see which component of the state offense the conviction entails.'"  Mathews, 453 F.3d at 835, quoting Abdelqadar v. Gonzales, 413 F.3d 668, 672 (7th Cir. 2005).  The court therefore concluded that this court did not err in relying on the language in the charging document in making its determination at sentencing.  Mathews, 453 F.3d at 836.  The Seventh Circuit further concluded that Petitioner's conviction was a "violent felony" for purposes of the Armed Career Criminal Act.  Mathews, 453 F.3d at 837.

On October 4, 2006, Petitioner filed his pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255 and later filed a Memorandum in Support (#5). Petitioner first argued that this court's determination that his prior convictions qualified as "violent felonies" for purposes of the Armed Career Criminal Act violated his constitutional Fifth Amendment right to due process of law and his Sixth Amendment right to a jury trial.  In his Memorandum, Petitioner argued that a "manifest injustice" occurred in this case because the Government failed to provide a sufficient judicial record from prior proceedings to determine that his prior convictions qualified for enhancement under the Armed Career Criminal Act.  Petitioner argued that this court therefore improperly relied on the presentence report and the Government's characterizations in determining that his prior convictions were crimes of violence.  Petitioner cited numerous cases in support of his

argument, but relied heavily upon Taylor and Shepard. Petitioner argued that his sentence was enhanced based upon prior convictions which were not charged in the indictment, admitted by Petitioner, presented to the jury or proven beyond a reasonable doubt. Petitioner's second claim was that he was denied the effective assistance of counsel because his counsel failed to challenge the "essential elements of prior state charging instruments" and this court's "determination of their veracity."

On November 21, 2006, the Government filed its Response to Petition Under 28 U.S.C. § 2255 (#6). The Government argued that Petitioner is not entitled to any relief based upon § 2255. The Government argued that, as far as Petitioner's first argument, the Seventh Circuit addressed the issue of the manner in which this court found that Petitioner qualified as an Armed Career Criminal, including the examination of charging documents, and found that this court did not err. As far as Petitioner's second argument, the Government argued that it was without merit because the facts in the record establish that his counsel did challenge his classification under the Armed Career Criminal Act.

On December 19, 2006, Petitioner filed his Reply (#7). Petitioner argued that the Government had "actually made his argument in its entirety by agreeing that the court used the Presentence Report prepared by the U.S. Probation Office on December 9, 2004, and revised on January 4, 2005, and February 22, 2005." Petitioner contended that this "is forbidden, illegal and against established law."

ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), citing Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature,

constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

Petitioner's arguments are somewhat rambling, but this court agrees with the Government that the Seventh Circuit squarely addressed the issue of whether Petitioner was properly found to be an armed career criminal under the Armed Career Criminal Act and the applicable case law, including Taylor and Shepard. Therefore, this court concludes that Petitioner's first claim is a rehash of the argument squarely presented to the Seventh Circuit, and rejected. "In the context of § 2255 petitions, the 'law of the case' doctrine dictates that 'once [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'" United States v. Fuller, 398 F.3d 644, 648 (7th Cir. 2005), quoting United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986); see also Norris v. United States, 687 F.2d 899, 900 (7th Cir. 1982). This court finds no reason for reexamining the well-reasoned decision of the Seventh Circuit.

This court additionally notes that there is absolutely no merit to Petitioner's argument that his rights were violated because this court did not submit the question of his qualifying convictions to a jury to be proved beyond a reasonable doubt. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the United States Supreme Court "held that the existence of a prior conviction need not be alleged in the indictment or proven to a jury as an element of the offense, but rather may be determined by the judge at sentencing, even if the prior conviction increases the statutory maximum

sentence that may be imposed on the defendant." United States v. Stevens, 453 F.3d 963, 967 (7th Cir. 2006). The holding of Almendarez-Torres remains intact following the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), as well as the decision in Shepard. Stevens, 453 F.3d at 967; see also United States v. Thornton, 463 F.3d 693, 699-700 (7th Cir. 2006). Moreover, there is no merit to Petitioner's argument that this court erred by considering facts included in the presentence report in concluding that Petitioner was an armed career criminal. See Thornton, 463 F.3d at 700-01 (it is not "error for a court, when sentencing under the [Armed Career Criminal Act], to rely on an unchallenged PSR when determining whether the necessary qualifying convictions exist").

This court also agrees with the Government that Petitioner has not shown that he was denied the effective assistance of counsel. To prevail on such a claim, a petitioner must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, a petitioner must demonstrate a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In this case, Petitioner's claim fails because, contrary to his argument, the record clearly shows that his counsel strenuously challenged this court's determination that Petitioner should be sentenced under the Armed Career Criminal Act. To the extent that Petitioner may be claiming that his counsel should have challenged this court's reliance on the presentence report as evidence of his prior convictions, Petitioner has not shown prejudice because he has not argued or shown that there

was any basis for challenging the existence of these convictions.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 9th day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE