UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| **PRESSE D. MATHEWS, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| v.   ) | Case No. 06-CV-2195 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

On July 3, 2008, Petitioner, Presse D. Mathews, Jr., filed a pro se Motion under Rule 60(b)(4) (#22). This court agrees with the Government that it does not have jurisdiction to entertain the motion. Accordingly, Petitioner's Motion (#22) is dismissed.

## BACKGROUND

On May 5, 2004, Petitioner was charged by indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), in Case No. 04-20028. On June 28, 2004, Petitioner filed a Motion to Suppress. An evidentiary hearing was held, and Decatur Police Sergeant Michael Gannon and Officer David Crawford testified on behalf of the Government. On August 16, 2004, this court denied the Motion to Suppress in a written Order. This court found that both Sergeant Gannon and Officer Crawford gave credible testimony regarding the stop of Theresa Brackett's vehicle, in which Petitioner was a passenger. This court concluded that "Officer Crawford had probable cause to stop Brackett's vehicle based upon Sergeant Gannon's observance of a traffic violation, had consent to search Brackett's vehicle, and lawfully conducted a pat-down search of [Petitioner], obtaining the firearm, based upon reasonable suspicion that [Petitioner] possessed a weapon."

On September 8, 2004, Petitioner entered a plea of guilty to the indictment. On March 3, 2005, a sentencing hearing was held and Petitioner was sentenced to a term of 180 months in the

Federal Bureau of Prisons. Petitioner filed a Notice of Appeal. On appeal, Petitioner argued that he should not have been sentenced under the Armed Career Criminal Act. On July 7, 2006, the Seventh Circuit Court of Appeals affirmed his sentence. United States v. Mathews, 453 F.3d 830 (7th Cir. 2006).

On October 4, 2006, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 (#1) in Case No. 06-2195. Petitioner again challenged his sentence under the Armed Career Criminal Act and also argued that he was denied the effective assistance of counsel. On April 9, 2007, this court entered an Opinion (#8) denying Petitioner's motion. Mathews v. United States, 550 F. Supp. 2d 842 (C.D. Ill. 2007). This court concluded that Petitioner's first claim was a rehash of the argument squarely presented to the Seventh Circuit and rejected. Mathews, 550 F. Supp. 2d at 845. This court also concluded that Petitioner had not shown he was denied the effective assistance of counsel. Mathews, 550 F. Supp. 2d at 846. Petitioner filed a Notice of Appeal (#10). On June 6, 2007, this court denied Petitioner's motion for a certificate of appealability. On October 22, 2007, the Seventh Circuit entered an Order which denied Petitioner's request for a certificate of appealability and dismissed his appeal.

On July 2, 2008, Petitioner sent the clerk of this court a document entitled "Motion for Petition for Application for Federal Rules of Civil Procedure 60(b)(4) Void Judgment Because of a Defect in Federal Habeas Proceedings' Integrity." The document had the number of Petitioner's criminal case at the top. However, the document was filed in Case No. 06-2195 as a pro se Motion under Rule 60(b)(4) (#22). In his pro se Motion, Petitioner informed this court that Sergeant Gannon, who testified at the hearing on his Motion to Suppress, was indicted in October 2007 and charged with possession of less than 15 grams of cocaine on three occasions and patronizing a prostitute on three occasions. According to a newspaper article Petitioner attached to his Motion, Sergeant Gannon

voluntarily resigned from the Decatur Police Department on October 2, 2007. Petitioner asked this court to void the judgment of conviction entered against him "because of police perjured testimony." Petitioner appears to be arguing that the fact that Sergeant Gannon was accused of committing crimes, and resigned from the police force, means that his testimony at the suppression hearing years earlier is automatically impeached so that Petitioner's conviction must be vacated.

On September 30, 2008, the Government filed its Response (#25). The Government argued that Petitioner's pro se Motion must be considered a second and successive motion under 28 U.S.C. § 2255 which requires prior approval from the Court of Appeals prior to filing. The Government therefore argued that Petitioner's Motion must be dismissed for lack of jurisdiction. The Government also argued that Petitioner's Motion asking this court to vacate his conviction because it was obtained through the use of perjured testimony is without merit. The Government pointed out that, in order to make a prima facie case, Petitioner must show that the testimony was false and that the Government used it with actual or constructive knowledge of the falsity. The Government argued that Petitioner's Motion "fails to establish that any of Sergeant Gannon's testimony concerning [Petitioner's] arrest on April 19, 2004, was false" or that the Government knowingly relied upon false testimony.

## ANALYSIS

In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-32 (2005), the United States Supreme Court noted that, in many circumstances, a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure will properly be found to be a successive habeas petition which should be treated accordingly. The Court held, however, that a Petitioner may bring a Rule 60(b) motion, following the denial of a habeas petition, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." <u>Gonzalez</u>, 545 U.S. 532.

In this case, Petitioner has stated in the caption of his Motion that he is seeking relief "because of a defect in federal habeas proceedings' integrity." He has also made a very general argument on this point in his Motion. However, this court concludes that, despite the caption Petitioner has given his pro se Motion, he is not actually alleging a defect in the integrity of the federal habeas proceedings in this court. See Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002) (district court could entertain a Rule 60(b) motion which alleged that the state obtained the dismissal of a habeas petition by making fraudulent representations to the court); Banks v. United States, 167 F.3d 1082, 1083-84 (7th Cir. 1999) (court may entertain Rule 60(b) motion under circumstances where the petitioner's counsel's conduct affected the integrity of the § 2255 proceedings). In this case, Petitioner has not alleged any such actual defect in the proceedings before this court regarding his Motion under § 2255 and, instead, is seeking to vacate his conviction based on Sergeant Gannon's indictment and resignation from the police department, which occurred after this court's ruling on his Motion under § 2255.

Furthermore, although Petitioner has labeled his motion as a request for relief under Rule 60(b)(4), which provides for relief from a judgment when "the judgment is void," it is clear that the recent indictment of Sergeant Gannon does not make Petitioner's conviction "void." The fact that Petitioner labeled his motion as a request for relief under civil Rule 60(b) rather than § 2255 "is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated." United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007), cert. denied, 127 S. Ct. 2895 (U.S. 2007). "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." Carraway, 478 F.3d at 848. The statute's opening paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see also Carraway, 478 F.3d at 848-49.  This court concludes that Petitioner's pro se Motion, which seeks to vacate his conviction and sentence, is properly understood as a request for relief pursuant to § 2255.  See Carraway, 478 F.3d at 849.

Understood as a request for relief under § 2255, Petitioner's motion "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." Carraway, 478 F.3d at 849; 28 U.S.C. § 2255(h).  "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request." Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  Because Petitioner has not sought or obtained authorization from the court of appeals, this court has "no option other than to dismiss his motion."  See Carraway, 478 F.3d at 849; Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT Petitioner's pro se Motion (#22) is dismissed for lack of jurisdiction.

ENTERED this  7th  day of October, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE